UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

---

| | |
|---|---|
| ELAINE WANG, | : |
| | : |
| Plaintiff, | : Case No. _____ |
| | : |
| v. | : |
| | : **COMPLAINT FOR VIOLATIONS OF** |
| SEACOR HOLDINGS, INC., CHARLES | : **SECTIONS 14(e), 14(d) AND 20(a) OF** |
| FABRIKANT, DAVID R. BERZ, OIVIND | : **THE SECURITIES EXCHANGE ACT** |
| LORENTZEN, CHRISTOPHER P. | : **OF 1934** |
| PAPOURAS, DAVID SCHIZER, and GAIL | : |
| HARRIS, | : **JURY TRIAL DEMANDED** |
| | : |
| Defendants. | : |

---

Elaine Wang ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against SEACOR Holdings Inc. ("Seacor" or the "Company") and the members of Seacor's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of Seacor by affiliates of American Industrial Partners Capital Fund VII, L.P. ("American Industrial Partners").

2. Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the "Solicitation Statement") to be filed on December 18, 2020 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Solicitation

Statement recommends that the Company's stockholders tender their shares in support of a proposed transaction whereby Safari Merger Subsidiary, Inc. ("Merger Sub"), a wholly-owned subsidiary of American Industrial Partners, will merge with Seacor, with Seacor continuing as the surviving corporation and a wholly-owned subsidiary of American Industrial Partners (the "Proposed Transaction").  Pursuant to the terms of the definitive agreement and plan of merger the companies entered into, dated December 4, 2020 (the "Merger Agreement"), each Seacor common share issued and outstanding will be converted into the right to receive $41.50 per share in cash (the "Merger Consideration").  In accordance with the Merger Agreement, Merger Sub commenced a tender offer (the "Tender Offer") to acquire all of Seacor's outstanding common stock and will expire on January 20, 2021.

        3.      Defendants have now asked Seacor's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.  Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) Seacor's financial projections relied upon by the Company's financial advisor, Foros LLC ("Foros"), in its financial analyses; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor.  The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as Seacor's stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4. It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the Tender Offer.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Seacor's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Defendant Seacor is incorporated in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of Seacor common stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Defendant Charles Fabrikant has served as a member of the Board since the Company's inception in 1989, and has also been the Company's co-founder, Executive Chairman, and Chief Executive Officer.

11. Individual Defendant David R. Berz has served as a member of the Board since February 2014 and has held the position of Lead Independent Director since June 2017.

12. Individual Defendant Oivind Lorentzen has served as a member of the Board since August 2001.

13. Individual Defendant Christopher P. Papouras has served as a member of the Board and since March 2018.

14. Individual Defendant David M. Schizer has served as a member of the Board and since November 2014.

15. Individual Defendant Gail Harris has served as a member of the Board and since April 2020.

16. Defendant Seacor is incorporated in Delaware and maintains its principal offices at 2200 Eller Drive, Fort Lauderdale, Florida 33316. The Company's common stock trades on the New York Stock Exchange under the symbol "CKH."

17. The defendants identified in paragraphs 10-15 are collectively referred to as the "Individual Defendants" or the "Board."

18. The defendants identified in paragraphs 10-16 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**A.    The Proposed Transaction**

19. Seacor engages in transportation and logistics, risk management consultancy, and other businesses in the United States and internationally. The Company operates through Ocean Transportation & Logistics Services, Inland Transportation & Logistics Services, Witt O'Brien's, and Other segments. The Ocean Transportation & Logistics Services segment owns and operates a fleet of bulk transportation, port and infrastructure, and logistics assets. It operates carriers for

the United States coastwise for trade of crude oil, petroleum, and chemical products; and dry bulk vessels.  This segment provides deep-sea vessels docking, ocean towing, and oil terminal support and bunkering services; liner, short-sea, rail car, and project cargo transportation and logistics solutions; door-to-door solutions; and technical ship management services, as well as operates pure car/truck carriers.  The Inland Transportation & Logistics Services segment offers river transportation equipment for moving agricultural and industrial commodities and containers, and petroleum products; and owns and operates multi-modal terminal locations.  It also provides management services related to barge and towboat operations.  The Witt O'Brien's segment provides crisis and emergency management services for the public and private sectors. It serves markets in the areas of critical national infrastructure, including government, energy, transportation, healthcare, and education.  The Other segment designs, develops, and maintains alternative energy and power solutions; and offers liquefied natural gas and compressed natural gas fuel supply and logistics to commercial, industrial, agricultural, and transportation customers. This segment also engages in the selling, storage, and maintenance of aviation; agricultural commodity trading and logistics businesses; and trading and merchandising of sugar and other commodities.  Seacor was founded in 1989 and is based in Fort Lauderdale, Florida.

20. On August 19, 2020, the Company announced the Proposed Transaction:

> Fort Lauderdale, Fla., Dec. 07, 2020 (GLOBE NEWSWIRE) -- SEACOR Holdings Inc. (NYSE:**CKH**) ("SEACOR" or the "Company") today announced that it has entered into a definitive agreement with an affiliate of American Industrial Partners ("AIP"), a New York-based private equity firm that focuses on buying, improving, and growing industrial businesses, to take the company private. The all-cash transaction is valued at approximately $1 billion, including net debt.
>
> Under the terms of the agreement, AIP will commence a tender offer to acquire all outstanding shares of SEACOR for $41.50 per share in cash. This per share purchase price represents a premium of approximately 14% to the Company's closing stock price on December 4, 2020, the last trading day prior to today's announcement, and a premium of approximately 31% over the 90-calendar day

5

volume weighted average price. The agreement was approved by SEACOR's board of directors and they recommend that SEACOR stockholders tender their shares in the offer.

"This transaction is an exciting next step for SEACOR, delivering stockholders an immediate and meaningful premium for their shares and providing the Company with access to additional growth capital and financial flexibility," said Charles Fabrikant, Executive Chairman and Chief Executive Officer of SEACOR. "AIP is an ideal partner for SEACOR that recognizes the value of its unique, diversified platform and management looks forward to leveraging their investment and operational expertise in pursuing industry consolidation and other growth opportunities across all our businesses. AIP has demonstrated success investing in and growing industrial, services, and marine businesses, and I am confident our employees and customers will greatly benefit from this partnership."

"We are thrilled to partner with SEACOR's talented management team and welcome its family of businesses and employees into the American Industrial Partners portfolio," said Jason Perri, Partner of AIP. "SEACOR has demonstrated a unique combination of proven investment acumen and a track record as a first-class operator of businesses across various end markets, including the Jones Act marine space. These attributes align perfectly with AIP's core skill sets and mission, and we are excited to help usher SEACOR into its next phase of growth."

The closing of the tender offer will be subject to certain conditions, including the tender of shares representing at least two-thirds of the total number of SEACOR's outstanding shares, the expiration or termination of the antitrust waiting period, and other customary conditions. Following the successful completion of the tender offer, AIP will acquire all remaining shares not tendered in the tender offer through a second-step merger at the same price. The proposed transaction is expected to close by the end of the first quarter of 2021. Following the closing of the transaction, Charles Fabrikant will step down from his executive positions and Eric Fabrikant, SEACOR's current Chief Operating Officer, will assume the role of Chief Executive Officer.

Charles Fabrikant continued, "It has been an honor to work with a talented group of associates. I believe that SEACOR is well positioned to reach its next phase of growth under the leadership of Eric and the rest of the senior team, working in partnership with AIP."

Foros acted as financial advisor to SEACOR. Milbank LLP acted as legal advisor to SEACOR and Ropes & Gray LLP acted as legal advisor to AIP.

\* \* \*

21.     It is therefore imperative that Seacor's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

**B.**     **The Materially Incomplete and Misleading Solicitation Statement**

22.     On December 18, 2020, Seacor filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.  The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction.  The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

23.     The Solicitation Statement omits material information regarding the Company's financial projections and the valuation analyses performed by Foros, the disclosure of which is material because it provides stockholders with a basis to project the future financial performance of the target company, and allows stockholders to better understand the analyses performed by the financial advisor in support of its fairness opinion of the transaction.

*Omissions and/or Material Misrepresentations Concerning Seacor Financial Projections*

24.     The Solicitation Statement fails to provide material information concerning financial projections prepared by Seacor management and relied upon by the financial advisor in its analyses.  The Solicitation Statement indicates that in connection with the rendering of its fairness opinion, the Company prepared certain non-public financial forecasts (the "Projections") and provided them to the Board and the financial advisor with forming a view about the stand-

7

alone valuation of the Company. Accordingly, the Solicitation Statement should have, but fails to provide, certain information in the projections that Seacor management provided to the Board and the financial advisor. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

25. For the Projections prepared by Company management for Seacor for fiscal years 2020 through 2024, the Solicitation Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics: (a) EBITDA; and (b) Unlevered Free Cash Flow as calculated by the management of the Company, but fails to disclose: (i) the line items used to calculate the non-GAAP measures; or (ii) a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G.

26. When a company discloses non-GAAP financial measures in a solicitation statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

27. The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated.

> Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other non-discretionary expenditures that are not deducted from the measure.[1]

28. Thus, to cure the Solicitation Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Solicitation Statement, Defendants must provide a reconciliation table of the non-GAAP measures to the most comparable GAAP measures to make the non-GAAP metrics included in the Solicitation Statement not misleading.

*Omissions and/or Material Misrepresentations Concerning Goldman Sachs' Financial Analyses*

29. With respect to Foros' *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the terminal value for the Company; (ii) the basis for applying the range of discount rate of 10.0%; (iii) the basis for applying a range of perpetual growth rates of 1.0%, 2.0%, and 3.0%; and (iv) and the line items used by the management of the Company to calculate the unlevered cash flows used in the analysis.

30. With respect to Foros' *Precedent Transactions Analysis*, the Solicitation Statement fails to disclose the individual multiples and financial metrics for each of the selected transaction observed by Foros.

---

[1] U.S. Securities and Exchange Commission, Non-GAAP Financial Measures, last updated April 4, 2018, available at: https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm.

31. With respect to Foros' *Trading Multiples Analysis*, the Solicitation Statement fails to disclose the inputs and assumptions for applying the reference range of Share price to Tangible book value multiples of 0.80x to 1.00x.

32. With respect to the sales process, the Solicitation Statement fails to disclose whether the non-disclosure agreements the Company executed with American Industrial Partners and the thirteen other parties contained "don't-ask-don't-waive" provisions or if the provisions are still in effect after the announcement of the Proposed Transaction.

33. In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender her shares, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for
Violations of Section 14(e) of the Exchange Act**

34. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

35. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

36. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material

facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer.  Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

37. The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisors' valuation analyses and resultant fairness opinion.

38. In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation of Section 14(e) of the Exchange Act.  By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

39. The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek other remedies.  In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

40. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading.  Indeed, while Defendants undoubtedly had

access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

41. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT II
### Violations of Section 14(d)(4) of the Exchange Act and Rule 14d-9 Promulgated Thereunder
**(Against All Defendants)**

42. Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

43. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

44. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

45. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

46. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

47.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## **COUNT III**

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

48.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

49.     The Individual Defendants acted as controlling persons of Seacor within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of Seacor, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Seacor, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

50.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

51.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Seacor, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed

by the Board prior to voting on the Proposed Transaction.  The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

52.     In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.  The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

53.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

54.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

55.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.      Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with,

14

consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

A.     Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

B.     Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

C.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

D.     Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: December 18, 2020

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)

**OF COUNSEL:**

Gina M. Serra (#5387)
300 Delaware Avenue, Suite 210

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Gloria Kui Melwani
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
Email: melwani@whafh.com

Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*